HERBERT J. CHILDS and Others, as Resident Taxpayers of the Village of Ossining, Appellants, v. DANIEL D. TOMPKINS, as President of the Village of Ossining, JAMES OWENS and Others, as Trustees of Said Village, and Others, Respondents.

Second Department, December 21, 1917.

Municipal corporations — when minority trustees of village not entitled to bring taxpayer's suit to enjoin collection of judgment against village — equity.

Where a contractor has secured a judgment against a village, the trustees of which have by a vote of seven to six decided not to appeal but to pay the judgment, the minority trustees are not entitled, under section 51 of the General Municipal Law, to bring a taxpayer's suit against the village officials and the contractor to enjoin the collection of his judgment.

A court of equity has no power to grant such relief, as it would not only deprive the contractor of his judgment, but would also take away from him and from the village the constitutional right to have the matter determined in an action at law with a trial by jury.

APPEAL by the plaintiffs, Herbert J. Childs and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 3d day of October, 1917, sustaining a demurrer to the amended complaint herein.

Respondent George T. Kelly, builder of the Ossining Municipal Building, brought an action for his compensation, which the village defended. After a trial in the Supreme Court, he had judgment for $24,128.72. The village charter (Laws of 1910, chap. 667) provides for a president and twelve trustees (§ 10), a majority of whom constitutes a quorum (§ 32).

The question whether or not to appeal from this judgment came up at a full meeting of the trustees. After hearing the corporation counsel, the vote by the trustees, with the president, was seven to six not to appeal, but to arrange. to pay this judgment. The minority, however, began this taxpayer's suit under the General Municipal Law (Consol. Laws, chap. 24; Laws of 1909, chap. 29), section 51, against the village officials, joining Kelly, the contractor, in which they sought to enjoin the collection of his judgment. A demurrer was interposed, and plaintiff's motion for a temporary injunction was denied.

As amended on August 13, 1917, the complaint averred that the cost of the building, including the extra work and material ordered by the architect, taken with the cost of the real estate for the site, exceeded the original appropriation made in 1912. It also set out faults and neglects on the part of the contractor in delaying the completion from the contract date of performance of November 10, 1912, to May 10, 1916. It further charged that on the trial of the contractor's action against the village, the contractor falsely and fraudulently testified as to his having complied with his contract. The complaint sets forth details of the contractor's omissions, or departure from the terms of the original contract; and avers that thereby the trial court was misled. There are also allegations that no authority had been given to order extra work, although the trial court erroneously assumed that the architect had such powers. It asserts as a defense to such liability of the village, that the contractor had not presented his claim to the village for audit. The amended complaint concludes by saying that the failure to appeal from this judgment " was an illegal official act. That the said judgment is illegal and is based upon fraudulent, unjust, inequitable and illegal claims, and that unless its collection be restrained, the funds of said village of Ossining, already raised in part, by taxation of the plaintiffs' property, will be wrongfully diverted and wasted, and plaintiffs' property will be subjected to additional and illegal and wrongful taxation." The demurrer by the village officials, on the ground that such amended complaint did not state facts sufficient to constitute a cause of action, was sustained. From such order plaintiffs appealed.

*Thomas G. Barnes,* for the appellants.

*William F. Bleakley,* for the respondent Kelly.

*Benjamin Fagan, Corporation Counsel of Ossining,* for the other respondents.

PUTNAM, J.:

The minority of the village trustees suing as taxpayers do not allege that the acts of the village officials were fraudulent or collusive. This leaves merely the question of the legality

of the contract and the contractor's claims. (*Mead* v. *Turner,* 134 App. Div. 691, 692.) The plaintiffs ask a court of equity not only to intervene, but to do so after the contractor has pursued his remedy in a court of law and has recovered a judgment. The relief asked would not only deprive him of this judgment, but would take away from Kelly and from the village the constitutional right to have the matter determined by a common-law court and a trial by the country. In such *forum* a defendant's position is so strong that a contractor cannot recover, unless he shows substantial compliance in every particular with the conditions of his contract. A court of equity has no such prerogative even before the cause of action has been merged in a judgment. (*Lodor* v. *McGovern,* 48 N. J. Eq. 275.)

The framers of this statute did not intend to give a referendum to the courts when called on by a minority of a municipal board. The judgment against the village imports verity, and the trustees (though by a narrow majority) have voted against the expense and delay of an appeal. The safe and constitutional road of progress is to impress on the people that only in rare cases would the court step in to set aside the action of the governing body, after the municipality has been held liable in the proper *forum.* The people have confided to their elected officials a wide range of authority, in the use of which they are answerable to their constituents. In the exercise of these powers, the local authorities are beyond the direction and control of the courts. If they should make mistakes, they must be temporary, compared with the mischief which judicial supervision in all cases would ultimately produce. (*Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377, 392.) Our powers cannot be extended to reach and review this action of the constituted village officials, on the grounds here set forth.

I advise to affirm the order sustaining the demurrer, with ten dollars costs and disbursements.

JENKS, P. J., STAPLETON, MILLS and RICH, JJ., concurred.

Order sustaining demurrer affirmed, with ten dollars costs and disbursements.